UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TOMAS ZAVALIDROGA,

                                 Plaintiff,                    6:17-cv-682 (BKS/ATB)

v.

THERESA GIROUARD, et al.,

                                 Defendants.
_____

APPEARANCES:

Tomas Zavalidroga
Old Forge, NY
Plaintiff, pro se

Hon. Brenda K. Sannes, United States District Judge:

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On October 24, 2017, this Court issued a Memorandum-Decision and Order (Dkt. No. 9) and Judgment (Dkt. No. 10) dismissing Plaintiff's pro se complaint. On December 21, 2017, nearly one month after the time for filing a notice of appeal had expired, Plaintiff filed a "motion to extend the time to appeal" under 28 U.S.C. § 2107(c) and Rules 4(a)(5) and 4(a)(6) of the Federal Rules of Appellate Procedure, along with a notice of appeal. (Dkt. Nos. 13, 14). For the reasons set forth below, the motion is denied.

### II. APPLICABLE LAW

#### A. Extension of Time to Appeal

Unless otherwise provided, appeals of any judgment or order in a civil action must be brought by filing a notice of appeal within thirty days after the entry of such judgment or order. 28 U.S.C. § 2107(a). A district court, however, may extend the time for appeal "upon motion

filed not later than 30 days after the expiration of the time otherwise set for bringing appeal . . . upon a showing of excusable neglect or good cause." § 2107(c). Rule 4(a)(5) provides likewise.[1]

In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), the Supreme Court established the standard for "excusable neglect." Although *Pioneer* analyzed the concept as it appears in Federal Rule of Bankruptcy Procedure 9006(b)(1) and Federal Rule of Civil Procedure 60(b), the same standard applies for Federal Rule of Appellate Procedure 4(a)(5). *See United States v. Hooper*, 9 F.3d 257, 259 (2d Cir.1993). The term "neglect" comprises "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."[2] 507 U.S. at 388. Whether "neglect" is "excusable" is "at bottom an equitable" determination, "taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (footnote omitted).

"Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control

---

[1] Fed. R. App. P. 4(a)(5)(A) reads:

> The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

[2] The rule drafters distinguished "excusable neglect" and "good cause," explaining that the former "applies in situations in which there is fault," whereas the latter "applies in situations in which there is no fault—excusable or otherwise." Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendment. As commentators have noted, while this "fault/no fault dichotomy . . . contrasts with the Pioneer Investment Court's interpretation of 'excusable neglect' in Bankruptcy Rule 9006(b)(1) . . . [t]he distinction made by the drafters of current Rule 4(a)(5) may be more precise than the usage employed by the Pioneer Investment Court in interpreting Bankruptcy Rule 9006(b)(1)." 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3950.3 (4th ed.).

of the movant, and [4] whether the movant acted in good faith.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (alteration in original) (quoting *Pioneer*, 507 U.S. at 395). Given that the first two factors generally favor the moving party and the absence of good faith is rarely at issue, courts focus their inquiry on the third factor—the reason for the delay. *See id.*

### B.     Reopening the Time to File an Appeal

Section 2107(c) provides that, upon a "motion filed within 180 days after entry" of the judgment or order sought to be appealed or "within 14 days after receipt" of notice of the entry of such judgment or order, "whichever is earlier," a district court may "reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal" if the court finds that (1) "a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry," and (2) "no party would be prejudiced." § 2107(c). Rule 4(a)(6) is substantially similar.[3] *See Zavalidroga v. Cuomo*, 588 F. App'x 61, 61 (2d Cir. 2014) (observing that a motion to reopen under § 2107(c) is "functionally equivalent" to a motion under Fed. R. App. P. 4(a)(6)). Even if those requirements are satisfied, "a district court exercising discretion under Rule 4(a)(6) should give substantial weight to indications that the failure of receipt was the litigant's fault." *In re WorldCom, Inc.*, 708 F.3d 327, 338 (2d Cir. 2013).

---

[3] Fed. R. App. P. 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

3

### III.   DISCUSSION

#### A.   Plaintiff's Motion

In his motion, Plaintiff asserts that he "never received" the Court's October 24, 2017 Memorandum-Decision and Order "due to the circumstances of his living situation . . . [and] only received notice some weeks later through a random call to the Clerk's office." (Dkt. No. 13, at 1). Further, Plaintiff claims that "the 30 day deadline for appealing the final Order fell on Thanksgiving day on November 23, 2017,"[4] and that "[b]ased on misinformation the federal government had placed online, the district court offices should have been open the next day Friday, November 24, 2017." (*Id.*). Purportedly "[r]elying on this misinformation," Plaintiff "engaged a process server to deliver the prepared notice of appeal to the district court at 10 Broad St., Utica, NY" and "witnessed the process server approaching towards the Pirnie Federal building that day." (*Id.*). According to Plaintiff, the process server informed him a "few hours later" that "the notice of appeal was successfully delivered to the federal district court." (*Id.* at 2). Plaintiff further states that "[s]everal weeks later, [he] contacted the Court of Appeals to confirm its receipt of the Appeal, but the Court was unable to locate the appeal," and he was "then informed by the Utica District Court Clerk that she was also unable to locate the appeal and . . . that the clerk believed the Utica Clerk's office to have been closed" on Friday, November 24, 2017. (*Id.*). Lastly, Plaintiff indicates that he is "now in the process of investigating these matters and securing an affidavit of service from the process server." (*Id.*).

---

[4] Plaintiff's computing of time is inaccurate. The Memorandum-Decision and Order was filed on October 24, 2017; accordingly, the thirty-day period ended on November 24, 2017—not November 23, 2017. Further, the Court takes judicial notice of the fact that the Clerk's Office was closed on November 24, 2017. *See* Ex. 1 (court closing order dated September 24, 2017). As a result, the time for filing the notice of appeal was "extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(3). Plaintiff thus had until Monday, November 27, 2017, to file his notice of appeal.

4

On January 17, 2018, the Court directed Plaintiff to file, no later than January 31, 2018, an affidavit from his process server and an affidavit from himself regarding the aforementioned facts. As of February 5, 2018, the date of this Memorandum-Decision and Order, Plaintiff has not filed any such affidavits.

**B.     Analysis**

Plaintiff submits two reasons why the Court should excuse his late filing of the notice of appeal: (1) he received late notice of the judgment's entry because of his "living situation"; and (2) the Court never received the notice of appeal his process server purportedly delivered on November 24, 2017. Neither reason, however, is availing.

While pro se litigants are provided some "leniency in the enforcement of procedural rules," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), they "generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995). Further, "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy*, 623 F.3d at 102. As the public record shows, Plaintiff has brought numerous lawsuits in this district and filed appeals in some of those cases. (*See* Dkt. No. 4, at 8-9.) He should therefore be familiar with the basic requirement of providing the Court with a reliable address where he can be served. *See* L.R. 10.1(c); *Zavalidroga v. Cuomo*, No. 11-cv-831, 2013 WL 12085064, at *3 (N.D.N.Y. June 26, 2013) ("[T]he necessity of providing a proper address is easily understood and involves no technical procedural rule. Tomas Zavalidroga simply failed to provide an address at which he could reliably receive mailings from the Court."), *aff'd*, 588 F. App'x 61 (2d Cir. 2014).

The docket shows that the Clerk of Court served the Memorandum-Decision and Order and the Judgment on Plaintiff at his address of record (Route 28, PO General Delivery, Old

5

Forge, NY 13420) via regular and certified mail on October 24, 2017. (*See* Dkt. Nos. 11, 12). The mail was returned to the Clerk as undeliverable on October 30, 2017. (*See id.* (envelope bearing the notes "RETURN TO SENDER" and "UNABLE TO FORWARD")). The Court further notes that every single court document the Clerk has served on Plaintiff since the commencement of the case has been returned as undeliverable. (*See* Dkt. Nos. 6, 7, 8, 11, 12, 16, 18, 19). Plaintiff has not proffered any explanation for his failure to provide the Court with an address at which he can receive court mailings. His noncompliance with procedural rules on the ground of his "living situation" is not only a problem of his own making, but it is also an issue that has been pointed out to him repeatedly in prior litigation. *See, e.g.*, *Zavalidroga*, 2013 WL 12085064, at *3; *Zavalidroga v. Madison County*, No. 17-cv-117 (N.D.N.Y. Oct. 4, 2017), ECF No. 29 (finding that Plaintiff had "failed to provide the Court with a proper and complete mailing address as directed"). Having considered "the reason for the delay, including whether it was within the reasonable control" of Plaintiff, *Silivanch*, 333 F.3d at 366, and taken "account of all relevant circumstances surrounding the party's omission," *Pioneer*, 507 U.S. at 395, including his pro se status and his history of failing to properly notify the Court of a reliable mailing address, the Court finds that in these circumstances Plaintiff's conduct is not excusable neglect or good cause justifying an extension of time.

   The second reason invoked by Plaintiff is not any more persuasive. By his own unverified account,[5] he watched as the process server "approach[ed] towards the Pirnie Federal building" on November 24, 2017 to deliver the notice of appeal. (Dkt. No. 13, at 1). According

---

[5] As noted above, Plaintiff has failed to comply with this Court's order directing that he file affidavits in support of his account. As Plaintiff has failed to submit any affidavits from either his process server or himself regarding his alleged efforts to file a timely notice of appeal, the Court finds that he has failed to satisfy his burden of showing excusable neglect or good cause to justify an extension. *See Home Ins. Co. v. Law Offices of Jonathan Deyoung, P.C.*, 156 F. Supp. 2d 488, 491 (E.D. Pa. 2001) ("This failure to support her factual averments by affidavit is sufficient to find that defendant Hoisington has failed to satisfy her burden of showing good cause or excusable neglect.").

6

Case 6:17-cv-00682-BKS-ATB   Document 20   Filed 02/05/18   Page 7 of 7

to Plaintiff, the Clerk's Office in Utica told him "[s]everal weeks later" that there was no record of any appeal filed. (*Id.* at 2). Indeed, the docket sheet shows no filing activity in November 2017. Plaintiff does not explain why he waited until "[s]everal weeks later" to check with the Clerk whether his notice of appeal had been filed. (*Id.* at 2). Further, the docket shows that he waited until December 21, 2017—approximately a month after the deadline—to file his notice of appeal. In these circumstances, Plaintiff's conduct is not excusable neglect or good cause justifying an extension.

Finally, Plaintiff is not entitled to reopening of the time to appeal under Rule 4(a)(6). As the Second Circuit has emphasized, "[w]here the moving party is to blame for his failure to receive notice of the judgment or order sought to be appealed, it is within the court's discretion to deny the motion" to reopen. *Zavalidroga*, 588 F. App'x at 62 (citing *In re WorldCom*, 708 F.3d at 336–38). Here, Plaintiff failed to provide a reliable address where he could receive court mailings, despite warnings in previous litigation about his noncompliance. Accordingly, based on these circumstances, the Court in its discretion declines to reopen the time to appeal.

### IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion to extend the time to appeal and reopen the time for appeal (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules along with copies of the unpublished decisions cited in this decision.

**IT IS SO ORDERED.**

Dated: February 5, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

7